UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Shaheen Cabbagestalk, | ) | C/A No. 5:16-cv-03745-RMG-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| | ) | |
| Warden J. McFadden; | ) | |
| Patricia Brown; | ) | |
| Tammy Meggett-Wright; | ) | |
| Major T. Nettles; | ) | |
| F. Bachman; | ) | |
| Reginald Cooper; | ) | |
| Captain William Brightharp; | ) | |
| Officer Deloach; | ) | |
| RN Mauney, | ) | |
| Thomas Cooper, | ) | |
| | ) | |
| Defendants. | ) | |

This case is before the court for consideration of Defendants' Motion to Dismiss, ECF No. 5, and Motion to Strike, ECF No. 20. This case was originally filed in the Court of Common Pleas for Richland County, South Carolina and was given this case number: No. 2015-CP-40-05575. On November 28, 2016, this case was removed to this court by Defendants based on assertions that Plaintiff is alleging "claims and issues of federal law." ECF No. 1 at 1. Defendants filed a Motion to Dismiss on December 5, 2016, ECF No. 5. Plaintiff filed an Objection and Response to the Motion to Dismiss on December 20, 2016. ECF Nos. 12, 13. Defendants filed a Reply on January 3, 2017. ECF No. 15. Plaintiff filed a document docketed as a Sur Reply on December 29, 2016. ECF No. 16. Defendants filed a Motion to Strike the Sur Reply on January 26, 2017. ECF No. 20.[1]

---

[1] Defendants have moved to strike the document submitted by Plaintiff after Defendants' Reply to Plaintiff's one-page Response to the Motion to Dismiss. ECF No. 20. That document was docketed as a "Sur-Reply." ECF No. 16. Defendants assert that a Sur Reply is not permitted under the Federal Rules and the Local Rules; however, the undersigned finds that the document is more properly considered supplemental argument applicable to Plaintiff's Motion to Remand. Consideration of the contents of the pro se-filed document is appropriate under the liberal

1

The court has an obligation to liberally construe pro se pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In accord with that obligation, Plaintiff's Objection, in which he states that his case is "a tort and I demand it be stayed in the Courts of Common Pleas Court as it was," ECF No. 12, is liberally construed as a Motion to Remand. The Clerk of Court is being instructed to docket it as such. Furthermore, the contents of the document now docketed as a Sur Reply indicate that they are more properly considered as supplemental argument in support of the Motion to Remand. Thus, the Clerk of Court is being directed to docket that document as an attachment to the Motion to Remand.

In light of the Motion to Remand, it is necessary to obtain additional information from Plaintiff before the court may consider the Defendants' pending Motion to Dismiss.

SUBJECT MATTER JURISDICTION:

A federal district court may consider the issue of its subject-matter jurisdiction at any time in the process of a case. *See, e.g.,* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Kontrick v. Ryan,* 540 U.S. 443, 455 (2004) (citing *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)) (same); *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008) (same). In the case of the court's removal jurisdiction, courts have recognized that "[b]ecause removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)); *see also Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) ("In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability."); *Cohn v. Charles*, 857 F. Supp. 2d 544, 547 (D. Md. 2012) ("Doubts about the propriety of removal are to be resolved in favor of remanding the case to state court."); *Cheshire v. Coca-Cola Bottling Affiliated, Inc*., 758 F. Supp. 1098, 1102 (D.S.C. 1990) (collecting cases holding that removal statutes are to be construed *against* removal jurisdiction, and in favor of remand). Removability is determined as of the time of removal. *Higgins v. E.I. DuPont de Nemours & Co*., 863 F.2d 1162, 1166 (4th Cir. 1988), and the removing party has the burden of showing that removal was proper. *Mulcahey*, 29 F.3d at 151. "If federal jurisdiction is doubtful, a remand is necessary." *Id*.

Additionally, it is well settled federal law in the removal area that the plaintiff is the master of his complaint. *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005); *see also Negron-Fuentes v. UPS Supply Chain Solutions*, 532 F.3d 1, 6 (1st Cir. 2008); *Addison v. Charleston County Public Defenders*, No. 4:11-2936-CMC-JDA, 2011 WL 6937608, at *2 (D.S.C. Dec 08, 2011). The fact that a complaint is filed by prisoner and is based on facts arising from prison conditions does not invariably show that claims are "causes of action under the United States Constitution and 42 USC §1983." ECF No. 1. Instead, as the master of his

---

construction of pro se pleading rule and will not prejudice Defendants. Accordingly, Defendants' Motion to Strike is **denied**.

complaint, even a state prisoner claiming violations of some of his rights can decide to pursue issues in state court, relying on state law and without reliance on federal statutes, assuming the rights claimed are also protected by state constitutions, rules, and/or statutes. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 n.7 (1987); *see, e.g.*, *McBrearty v. Ky. Comty., Tech. College Sys.*, No. CIV.A. 06-CV-197KSF, 2006 WL 2583375, at *6 (E.D. Ky. Sept.7, 2006) ("Where a plaintiff chooses to assert only state law claims, recharacterizing it as a federal claim is generally prohibited").

PROPRIETY OF REMOVAL:

Defendants removed this case to United States District Court, asserting that Plaintiff is alleging "claims and issues of federal law," specifically referencing Plaintiff's citations to the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc. If Defendants' assertions are true, they would show subject-matter jurisdiction over Plaintiff's claims in this court. ECF No. 1. However, Plaintiff indicates a desire to dismiss to RLUIPA claim and to proceed with a "property theft issue only for state court purposes." ECF No. 19 at 1. He ardently asserts that only a tort claim was intended and expresses a desire to have his case heard in state court. ECF Nos. 12, 13, 16, 19.

Review of Plaintiff's state court complaint reveals some minimal use of words such as "cruel and unusual punishment" and "access to court" and "due process" often associated with claims under certain federal constitutional amendments. However, the same (or very similar) words are also used in connection with the sections of the South Carolina Constitution. *See* S.C. Const., art. 1 §§ 2, 3, 15. As noted by Defendants in their Notice of Removal, there is one specific, unambiguous reference to a federal statute –RLIUPA, 42 U.S.C. § 2000cc-- but no unambiguous reference to any specific federal constitutional violation. Instead, Plaintiff specifically states in his state court complaint that his claims against the Defendants are "a tort claim" and he cites to a South Carolina statute: § 16-3-920. S.C. Code Ann. (conspiracy to commit kidnapping) as the basis for a conspiracy claim against "the warden." ECF No. 1-1 at 2.

Applying the required liberal construction rules applicable to *pro se* litigants, Plaintiff's clear objections to removal and statements about wanting to stay in state court renders any passing reference in the state court complaint to one federal statute, now disclaimed, and use of words commonly associated with certain kinds of federal constitutional claims ambiguous.

Accordingly, based on the foregoing,

**IT IS ORDERED** that the Clerk of Court shall docket the document currently docketed at ECF No. 12 as a Motion to Remand. The Clerk of Court shall also docket the documents currently docketed at ECF Nos. 16 and 19 as attachments to the Motion to Remand.

**IT IS FURTHER ORDERED** that Plaintiff shall advise the court, in writing, within fourteen (14) days of the date of this Order whether, in his state court complaint, (1) he is pursuing any claims for violations of his federal constitutional rights pursuant to 42 U.S.C. § 1983 or any other kinds of claims under any other federal statute, constitutional provision, or

3

treaty in this action, or (2) if he is *only* pursuing claims under the South Carolina Constitution and/or other South Carolina state laws, or (3) if he is pursuing claims under *both* South Carolina and federal law.

If Plaintiff advises the court that he is *only* pursuing claims under South Carolina law, this case will be recommended for remand to state court. If Plaintiff advises the court that he is pursuing *only* federal claims *or both* federal and state claims, this case will progress in this court in the usual manner.

**IT IS SO ORDERED.**

February 15, 2017  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

4