UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Shaheen Cabbagestalk, | ) | C/A No. 5:16-cv-03745-RMG-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| Warden J. McFadden; | ) | |
| Patricia Brown; | ) | |
| Tammy Meggett-Wright; | ) | |
| Major T. Nettles; | ) | |
| F. Bachman; | ) | |
| Reginald Cooper; | ) | |
| Captain William Brightharp; | ) | |
| Officer Deloach; | ) | |
| RN Mauney, | ) | |
| Thomas Cooper, | ) | |
| | ) | |
| Defendants. | ) | |

This is a removal case. Plaintiff is a state prisoner. Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. This case is before the undersigned for consideration of Plaintiff's Motion to Remand, ECF No. 12, and Defendants' Motion to Dismiss, ECF No. 5.

I.     Factual and Procedural Background

According to the stamp on the face of the pleading, Shaheen Cabbagestalk ("Plaintiff") filed a complaint labeled "Tort Claim" ("state complaint") against the Defendants in the Court of Common Pleas for Richland County, South Carolina on September 10, 2015. ECF No. 1-1. The case was assigned the number 2015-CP-40-5575. *Id*. The state complaint was organized by Plaintiff's listing each Defendant separately and then making factual and legal allegations

relating to that Defendant. For the most part, the state complaint alleged improper and unhealthy conditions of confinement, including library availability, and problems with the prison disciplinary system. While citing to certain South Carolina state statutes such as S.C. Code § 16-3-93 and using the terms "negligence" often, Plaintiff also uses the terminology "cruel and unusual punishment" and "access to court" and "due process" and "42 U.S.C. 2000 cc R.L.U.I.P.A." in connection with his claims based on library availability and loss of certain personal property. According to Defendants, they were served with the state complaint on October 28, 2016. ECF No. 1 at 1.

On November 28, 2016, Defendants removed the state-court case to this court, asserting that "claims and issues of federal law," specifically referencing Plaintiff's citations to the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc. Defendants also referenced Plaintiff's use of the terms "cruel and unusual punishment" and "due process" in the state complaint. ECF No. 1 at 1. On December 5, 2016, Defendants filed a Motion to Dismiss the complaint, asserting that it failed to comply with the Federal Rules of Civil Procedure. ECF No. 5. Because Plaintiff is proceeding pro se, a *Roseboro* Order was issued on December 9, 2016, informing him of the pending Motion to Dismiss and of the importance of filing a response to it.[1]

Plaintiff filed a response to the Motion to Dismiss, asserting that he only intended to allege state-law claims and offering to dismiss the RLUIPA claim and to proceed with a "property theft issue only for state court purposes." ECF No. 19 at 1. In each of his filings, Plaintiff expressed a desire to have his case heard in state court. ECF Nos. 12, 13, 16, 19.

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

Following review of the parties' submissions, the undersigned construed Plaintiff's Responses as a Motion to Remand, ECF No. 12, and directed Plaintiff to specifically inform that court whether he intended to pursue any federal claims under his state complaint. ECF No. 22. Plaintiff has now responded and states that he is "pursuing only state claims . . . ." He specifically requests this court to "remand [his] case back to state court." ECF No. 27. Defendants have not responded to the court's most recent order or to Plaintiff's response thereto.

II.     Discussion:

A federal district court may consider the issue of its subject-matter jurisdiction at any time in the process of a case. *See, e.g.,* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Kontrick v. Ryan,* 540 U.S. 443, 455 (2004) (citing *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)) (same); *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008) (same). In the case of the court's removal jurisdiction, courts have recognized that "[b]ecause removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)); *see also Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) ("In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability."); *Cohn v. Charles*, 857 F. Supp. 2d 544, 547 (D. Md. 2012) ("Doubts about the propriety of removal are to be resolved in favor of remanding the case to state court."); *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990) (collecting cases holding that removal statutes are to be construed *against* removal jurisdiction,

and in favor of remand). Removability is determined as of the time of removal. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988). The removing party has the burden of showing that removal was proper. *Mulcahey*, 29 F.3d at 151. "If federal jurisdiction is doubtful, a remand is necessary." *Id*.

It is well settled federal law in the removal area that the plaintiff is the master of his complaint. *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005); *see also Negron-Fuentes v. UPS Supply Chain Solutions*, 532 F.3d 1, 6 (1st Cir. 2008); *Addison v. Charleston County Public Defenders*, No. 4:11-2936-CMC-JDA, 2011 WL 6937608, at *2 (D.S.C. Dec 08, 2011). The fact that a complaint is filed by prisoner and is based on facts arising from prison conditions does not invariably show that claims are "causes of action under the United States Constitution and 42 USC §1983." ECF No. 1. Instead, as the master of his complaint, even a state prisoner claiming violations of some of his rights can decide to pursue issues in state court, relying on state law and without reliance on federal statutes, assuming the rights claimed are also protected by state constitutions, rules, and/or statutes. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 n.7 (1987); *see, e.g.*, *McBrearty v. Ky. Comty., Tech. College Sys.*, No. CIV.A. 06-CV-197KSF, 2006 WL 2583375, at *6 (E.D. Ky. Sept.7, 2006) ("Where a plaintiff chooses to assert only state law claims, recharacterizing it as a federal claim is generally prohibited").

Here, where Plaintiff has specifically disclaimed any intent to pursue a federal claim, his minimal use of the terms "access to court" and "due process" and "cruel and unusual punishment" are not sufficient to require him to litigate in federal court over his objection. The same (or very similar) words are also used in connection with the sections of the South Carolina Constitution. *See* S.C. Const., Art. 1 §§ 2, 3, 15. As noted by Defendants in their Notice of Removal, there is one specific, unambiguous reference to a federal statute –RLIUPA, 42 U.S.C.

4

§ 2000cc-- but no unambiguous reference to any specific federal constitutional violation. However, Plaintiff explicitly states that the R.L.U.I.P.A. claim "can be dismissed . . . ." ECF No. 19. Plaintiff specifically states in his state court complaint that his claims against the Defendants are "a tort claim" and he cites to a South Carolina statute: § 16-3-920. S.C. Code Ann. (conspiracy to commit kidnapping) as the basis for a conspiracy claim against "the warden." ECF No. 1-1 at 2. Plaintiff specifically disclaims any intent to pursue a federal claim. ECF Nos. 16, 19, 27. Because of the requirement that this court strictly construe its removal jurisdiction and because Plaintiff, as the master of his Complaint, specifically and clearly disclaims any intent to pursue a federal claim, this case should be remanded to the Court of Common Pleas for Richland County, South Carolina. As the case is recommended for remand, the pending Motion to Dismiss becomes moot.

III.     Recommendation

Accordingly, based on the foregoing, it is recommended that the District Court remand this case to the Court of Common Pleas for Richland County, South Carolina. It is further recommended that the District Court deny Defendant's Motion to Dismiss, ECF No. 5, as moot.

The parties' attention is directed to the important notice on the following page.

March 8, 2017                                      Kaymani D. West
Florence, South Carolina                           United States Magistrate Judge

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).