IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Shaheen Cabbagestalk, | ) | Civil Action No. 5:16-3745-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden J. McFadden, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending this matter be remanded to state court. For the reasons set forth below, the Court adopts the Report and Recommendation and remands this matter to state court.

I.  **Background**

Plaintiff filed a complaint labeled "tort claim" in the Richland County Court of Common Pleas on September 10, 2015. Plaintiff essentially alleges unhealthy conditions of confinement, lack of library availability, and problems with the prison disciplinary system. Plaintiff cites to South Carolina statutes such as S.C. Code § 16-3-93 and uses terms such as "negligence" often, but also uses terms like "cruel and unusual punishment" and "access to court" and "due process" and "42 U.S.C. 2000 cc R.L.U.I.P.A." in connection with his claims based on library availability and loss of personal property.

Defendants assert they were served with the state complaint on October 28, 2016 (over one year after it was filed). On November 28, 2016, Defendants filed a timely notice of removal (Dkt. No. 1), on the basis that the complaint asserts "claims and issues of federal law," referencing Plaintiff's citations to the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc, and Plaintiff's use of the terms "cruel and unusual

-1-

punishment." On December 5, 2016, they filed a motion to dismiss (Dkt. No. 5.) On December 20, 2016, Plaintiff filed a timely motion to remand in which he stated he intended only to allege state-law claims (Dkt. No. 12), which he again confirmed on March 6, 2017 (Dkt. No. 27). Defendants did not respond to the motion to remand. On March 9, 2017, the Magistrate Judge recommended granting the motion to remand. (Dkt. No. 29.) Defendants have filed no objections.

## II. Legal Standard

"Federal courts are presumptively without jurisdiction over civil actions, and the burden of establishing the contrary rests firmly on the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal removal jurisdiction exists if the action is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removability is determined as of the time of removal, *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988), and the removing party has the burden of establishing that removal jurisdiction is proper, *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006). "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

## III. Discussion

The Magistrate Judge recommends remand of this matter to state court because it is unclear whether the *pro se* litigant actually pleaded federal claims, and "[d]oubts about the propriety of removal are to be resolved in favor of remanding the case to state court." *See Cohn v. Charles*, 857 F. Supp. 2d 544, 547 (D. Md. 2012). Although Plaintiff—somewhat incoherently—cites a federal statute and uses phrases such as "due process," *pro se* pleadings are liberally construed, and here liberal construction means respecting Plaintiff's oft-stated desire to litigate his grievances as state-law claims in state court. (*See* Dkt. Nos. 12, 13, 16, 19, 27.) Plaintiff is master of his

-3-

complaint, and "[w]here a plaintiff chooses to assert only state law claims, recharacterizing it as a federal claim is generally prohibited." *McBrearty v. Ky. Comty., Tech. College Sys.*, Civ. No. 06-197-KSF, 2006 WL 2583375, at *6 (E.D. Ky. Sept.7, 2006). The Court agrees with the Magistrate Judge that, given Plaintiffs' disclaimer of any intent to pursue a federal claim, neither his minimal use of the terms "access to court," "due process," and "cruel and unusual punishment," nor his confused mention of the RLIUPA statute, are sufficient to require him to litigate in federal court over his objection. That is especially true where Defendants have neither opposed the motion to remand nor objected to the recommendation that the motion be granted.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation (Dkt. No. 29), **GRANTS** Plaintiff's motion to remand (Dkt. No. 12), and **DENIES AS MOOT** Defendants' motion to dismiss (Dkt. No. 5). The Court **REMANDS** this matter to the Richland County Court of Common Pleas.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 24, 2017
Charleston, South Carolina